IN THE UNITED STATES DISTRICT COURT FOR THE
EASTERN DISTRICT OF VIRGINIA

Alexandria Division

| | |
|---|---|
| UNITED STATES OF AMERICA<br><br>v.<br><br>PAUL J. MANAFORT,<br><br>*Defendant*. | Crim. No. 1:18-CR-83 |

**GOVERNMENT RESPONSE IN OPPOSITION TO THE MOTION OF THE REPORTERS COMMITTEE FOR FREEDOM OF THE PRESS AND THE WASHINGTON POST TO UNSEAL A JUDICIAL RECORD**

The United States of America, by and through undersigned counsel, hereby responds in opposition to the Motion of the Reporters Committee for Freedom of the Press and the Washington Post to Unseal a Judicial Record ("Motion to Unseal"). ECF 334. The judicial record at issue is the August 2, 2017 memorandum authored by then-Deputy Attorney General Rod Rosenstein ("Rosenstein Memo"). The Rosenstein Memo was previously assessed to contain classified information and cannot be unsealed at this time. As noted in the government's request for an extension, ECF 353, a process is underway to determine whether the Rosenstein Memo can be made public without risking harm to the national security. The government's conversations to date with equity-holders have indicated that it cannot. Within 30 days, the government intends to submit to the Court a classified, *ex parte* declaration explaining why the Rosenstein Memo remains classified and needs to remain under seal, or it will withdraw its opposition to the motion at issue.

**BACKGROUND**

On April 12, 2018, the Office of Special Counsel ("OSC") filed a motion to submit a redacted copy of the Rosenstein Memo under seal in support of its opposition to Defendant's motion to dismiss. ECF 35. In its memorandum supporting the motion, the OSC noted that the Rosenstein Memo is

1

"classified and otherwise contains confidential and sensitive law enforcement information." ECF 36 at 2. The Court granted the motion to seal, noting that the OSC had represented "that the exhibit is classified and otherwise contains sensitive law enforcement and investigative information." ECF 39. After a hearing on Defendant's motion to dismiss, the OSC was ordered to submit an *ex parte* and under seal copy of the unredacted Rosenstein Memo. On May 17, 2018, the OSC filed an unredacted copy of the Rosenstein Memo *ex parte* and under seal through a Classified Information Security Officer. ECF 71.

In 2020, the government produced a redacted version of the Rosenstein Memo to the Senate Judiciary Committee, noting that the redacted version of the Rosenstein Memo is unclassified. ECF 337 Ex. 4 at 1. The government has not publicly produced an unredacted version of the Rosenstein Memo and, as far as we are aware, has never taken the position that it has been declassified.

## ARGUMENT

As the government previously advised, the Rosenstein Memo was assessed to contain classified information. ECF 36 at 2. Upon receipt of the Motion to Unseal, undersigned counsel worked diligently to identify the component(s) of the United States Government that may possess equities in the Rosenstein Memo. The government identified these relevant components and is engaged with them to assess whether a fully unredacted version of the Rosenstein Memo can be made public without risking harm to the national security. If it is determined that the unredacted Rosenstein Memo remains classified because its disclosure could be expected to damage national security, the government will provide the court with the basis for that determination within 30 days via an *ex parte* and under seal filing. Based on recent conversations with the equity holder, we anticipate that the government will have to make such a filing.

The Rosenstein Memo is under seal at present in this case because, *inter alia*, it was assessed to contain classified information. Should the Court unseal this record, the government expects that it

would result in the public disclosure of classified information. *See United States v. Moussaoui*, 65 Fed. App'x 881, 888 n.5 (4th Cir. 2003) (declining to review and perhaps reject classification decisions made by the executive branch)[1] (citing *United States v. Smith*, 750 F.2d 1215, 1217 (4th Cir. 1984) ("It is apparent, therefore, that the government . . . may determine what information is classified.  A defendant cannot challenge this classification.  A court cannot question it.")). Intervenors claim that the information they hypothesize is contained in the redacted portion of the Rosenstein Memo has already been broadly reported on.  ECF 336 at 15-16.  Even if this were true, it would not be a basis to unseal the document.  "It is one thing for a reporter or author to speculate or guess that a thing may be so or even, quoting undisclosed sources, to say that it is so; it is quite another thing for one in a position to know of it officially to say that it is so." *Moussaoui*, 65 F. App'x at 887 n.5 (quoting *Alfred A. Knopf, Inc. v. Colby*, 509 F.2d 1362, 1370 (4th Cir. 1975)).

      Accordingly, the government respectfully requests that the Court deny the Motion to Unseal. The government will provide a declaration explaining why the Rosenstein Memo must remain under seal within thirty (30) days or it will withdraw its opposition to the Motion to Unseal.

                              Respectfully submitted,

                              Jessica D. Aber
                              United States Attorney

                    By:  <u>s/ Drew Bradylyons</u>
                            Drew Bradylyons
                            Assistant United States Attorney

---

[1] In *Moussaoui*, intervenors, including the Reporters Committee for Freedom of the Press and the Washington Post, who were seeking the unsealing of certain under seal court documents, "diavow[ed] any desire to obtain the release of classified information." *Moussaoui*, 65 F. App'x at 887.

## CERTIFICATE OF SERVICE

I hereby certify that on October 16, 2024, I filed the foregoing with the Office of the Clerk of Court electronically using the CM/ECF system, which will automatically send a notification of such filing to all counsel of record.

                                              s/Drew Bradylyons
                                              Drew Bradylyons
                                              Assistant United States Attorney
                                              Eastern District of Virginia
                                              2100 Jamieson Avenue
                                              Alexandria VA 22314
                                              Tel: (703) 401-9460
                                              Email: drew.bradylyons@usdoj.gov